UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
AGL INDUSTRIES, INC.,

                Petitioner,

  -against-                            **MEMORANDUM AND ORDER**
                                            14-CV-03618 (FB) (RLM)
IRON WORKERS LOCAL 40, IRON
WORKERS LOCAL 361, and IRON
WORKERS LOCALS 40, 361 & 417
UNION SECURITY FUNDS,

                Respondents.
---------------------------------------------------x

*Appearances:*
| For the Petitioner: | For the Respondents: |
|---|---|
| JOHN S. GROARKE, ESQ. | JAMIE S. FELSEN, ESQ. |
| ALICIA M. SHOTWELL, ESQ. | JOSEPH M. LABUDA, ESQ. |
| Colleran, O'Hara & Mills LLP | Milman Labuda Law Group PLLC |
| 100 Crossways Park Drive W, Suite 2000 | 3000 Marcus Avenue, Suite 3W8 |
| Woodbury, NY 11797 | Lake Success, NY 11042 |

**BLOCK, Senior District Judge:**

      Petitioner AGL Industries, Inc. ("AGL") filed a petition to stay an arbitration commenced by Respondents Iron Workers Local 40, Iron Workers Local 361, and Iron Workers Locals 40, 361 & 417 Union Security Funds (collectively, "Respondents") and enjoin the arbitration from proceeding. The Court stayed the arbitration pending the outcome of the present motion. Respondents move to dismiss the petition pursuant to Rule 12(b)(6), compel arbitration and vacate the stay. For the reasons that follow, Respondents' motion is denied and AGL's petition to stay the arbitration is granted.

# I.

In June 2013, AGL hired two members of Local 361 to perform iron work on a project at the Boys and Girls Club (the "Project"). AGL agreed to submit remittance reports to Local 361 for the purpose of remitting contributions to the Union Security Funds on behalf of the two Local 361 employees. AGL refused to sign Respondents' standard, 49-page collective bargaining agreement ("CBA"). AGL also declined to sign a participation agreement with Respondents. From June 2013 to November 2013, AGL submitted twenty-five remittance reports. Each report contained the following provision – drafted by Respondents – in minute font over the signature line:

> These contributions shall constitute the acceptance and adoption by the Employer of the Collective Bargaining Agreement(s) of Iron Workers Local Union Nos. 40, 361 & 417. The Employer further agrees to be bound by the Trust Fund agreements of said local unions and accepts all terms, conditions and provisions thereof. The Collective Bargaining Agreement(s) and Trust Fund Agreements are incorporated herein as if they were herein set forth at length.

Dkt. No. 14-1 at 6. Respondents never provided AGL with a copy of their standard CBA.

Under Respondents' CBA, employers must allow periodic audits of their books and records to verify that contributions are properly remitted. Pursuant to this provision, Respondents tried to audit AGL's books and records. AGL asserted it was not bound by the CBA and refused. In accordance with their CBA, Respondents

submitted this dispute to arbitration. AGL then filed the present action.

## II.

A motion to dismiss based upon a request to compel arbitration is evaluated under "a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). "On a motion to compel arbitration, the moving party has the initial burden of showing that an agreement to arbitrate exists." *Jillian Mechanical Corp. v. United Serv. Workers Union Local 355*, 882 F. Supp. 2d 358, 364 (E.D.N.Y. 2012). "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [the Court] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011).

## III.

An employer does not need to sign a CBA to be bound by its terms. *See Brown v. C. Volante Corp.*, 194 F.3d 351, 355 (2d Cir. 1999). Rather, an employer may become bound by an unsigned CBA when it engages in a course of conduct "manifest[ing] an intent to adopt, or agree to, the unsigned CBA." *Id.* at 355. This inquiry requires the Court to scrutinize the surrounding circumstances. *See Panek v. Cimato Bros. Construction, Inc.*, No. 02-CV-333, 2007 WL 3033948, at *2 (W.D.N.Y.

Oct. 15, 2007) ("When making this determination, the court must view the employer's conduct as a whole.").

Respondents assert that AGL manifested an intent to be bound by their CBA through its submission of benefit contributions and remittance reports over a six month period.[1] This fact – in light of AGL's other conduct – is insufficient to establish an intent to be bound by Respondents' CBA. AGL never requested laborers from Locals 40, 360 and 417. AGL also employed seven non-union laborers on the Project. These employees were paid different wages than the two Local 361 employees and AGL did not make contributions on their behalf. Moreover, Respondents have not shown that AGL signed an earlier CBA with them. *See Steelmasters, Inc. v. Local Union 580 of the Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Iron Workers, AFL-CIO*, No. 05-CV-529, 2008 WL 312096, at *7 ("[C]ourts have also found significant that a party had previously signed some sort of agreement containing an arbitration clause.").

Furthermore, AGL engaged in a course of conduct wholly inconsistent with Respondents' CBA. *See Panek*, 2011 WL 3033948 at *1 (holding that submission of

---

[1] The remittance reports and accompanying contribution checks bore the signature of AGL's President, Frank LoFaso ("LoFaso"). AGL argues that the Court should find that it did not authorize submission of remittance reports containing language purporting to bind it to the CBA because an administrative employee signed Lofaso's name without permission. The Court does not decide this issue because the remittance reports are insufficient to establish AGL's intent to be bound by the CBA in any event under the circumstances presented in this case.

benefit contributions and remittance reports was insufficient to show an employer's intent to be bound by an unsigned CBA because the employer engaged in conduct incompatible with the CBA). AGL refused to allow an audit of its books and records. *See Brown*, 195 F.3d at 353 (noting that an employer's voluntary submission to an audit demonstrated an intent to be bound to an unsigned CBA). Moreover, contrary to the CBA's express terms, AGL: (1) never notified Respondents about projects commenced and employees hired during the relevant period; (2) never posted a surety bond with the Unions and Fund Office to guarantee payment of contributions; (3) never had a foreman on the Project; and (4) never appointed a Shop Steward on the Project. On the whole, AGL did not manifest an intent to be bound by Respondents' CBA.

**IV.**

For the foregoing reasons, Respondents' motion is denied. Because AGL is not bound by the CBA, its petition to stay the arbitration is hereby granted.

**SO ORDERED.**

/s/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 22, 2014